[Cite as *Masucci v. Burnbrier*, 2015-Ohio-4102.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JOHN MASUCCI | ) | CASE NO. 14 MA 78 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CARL DAVID BURNBRIER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 14 CV 320

JUDGMENT:     Reversed.  Vacated.

APPEARANCES:

For Plaintiff-Appellee:     John Masucci, *Pro se*
7495 Cobblers Run
Poland, Ohio  44514

For Defendant-Appellant:     Atty. Jeffrey A. Kurz
42 N. Phelps Street
Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  September 30, 2015

WAITE, J.

{¶1} Appellant Carl David Burnbrier appeals the issuance of a civil stalking protection order ("stalking CPO") granted by the Mahoning County Court of Common Pleas. Appellant argues that the trial court abused its discretion in issuing the stalking CPO because there was no evidence of a pattern of conduct of menacing. Appellant contends that the evidence Appellee John Masucci presented at the final hearing was hearsay and inadmissible, and therefore, could not establish any incidents of menacing to support a stalking CPO. Appellee has not responded to this appeal. The evidence presented at trial was hearsay, and there are no arguments that any hearsay exception applies. Appellant is correct that, absent the hearsay evidence, there is no proof of a pattern of menacing to support the stalking CPO as required by R.C. 2903.211(A)(1) and 2903.214. The judgment of the trial court is reversed and the stalking CPO vacated.

### Case History

{¶2} On February 3, 2014, Appellee John Masucci filed a petition for a stalking CPO against Appellant. Appellee filed on behalf of himself, his wife Kristin, and his two daughters S.A. and S.P., both minors. The petition was filed and litigated *pro se.* The case went to hearing before a magistrate on February 28, 2014. Appellee testified in support of the petition, with the questioning primarily being done by the magistrate because Appellee did not have counsel. Appellee also called his wife to testify, and he questioned her himself.

{¶3} Both Appellee and his wife testified about an alleged phone call between Appellee's daughter S.P. and one of her friends in which Appellant was

supposed to have made a threat against his other daughter, S.A. Numerous hearsay objections were raised by Appellant's counsel about this testimony, as it became immediately apparent that neither Appellee nor his wife were involved in the phone call, and the child who allegedly heard the threat was not called to testify. A recording of this call was not admitted as evidence. Appellee's wife also testified about another incident in which Appellant arrived at her house, apparently intoxicated, to deliver tennis shoes to his daughter who was staying overnight. Appellee's wife said she felt threatened by this encounter. In addition, she testified about a text message that was forwarded to her from Appellant's ex-wife, stating that certain phrases in the text message might imply that Appellant was threatening one of her daughters.

{¶4} The magistrate granted the stalking CPO until January 2, 2015. Appellant filed objections to the magistrate's decision, and on May 29, 2014, the trial court, after reviewing the magistrate's hearing transcript, overruled the objections and adopted the magistrate's decision. This timely appeal followed.

{¶5} On July 22, 2014, we determined that the trial court's adoption of the magistrate's decision did not constitute a final appealable order, and the case was remanded for 30 days for the court to issue an appealable order. On July 30, 2014, the trial court issued the stalking CPO, and this appeal continued. Appellant filed a brief on February 4, 2015. Appellee did not respond. App.R. 18(C) states: "If an appellee fails to file the appellee's brief within the time provided by this rule * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

<u>ASSIGNMENTS OF ERROR</u>

The Trial Court erred against the manifest weight of the evidence when it granted the civil protection order because Appellee failed to meet his burden of demonstrating, by a preponderance of evidence, that Appellant engaged in a violation of ORC §2903.211 by engaging in a pattern of conduct that caused Appellee to believe that Appellant would cause physical harm or mental distress to him or his family.

The Trial Court erred when it permitted Appellee and his wife to testify to matters that are inadmissible as hearsay, speculation and conjecture, and to which they had no personal knowledge.

{¶6}   Appellant argues that some of the evidence relied on by the trial court was inadmissible hearsay, and without the hearsay evidence there was no proof of a pattern of conduct of menacing by stalking to support a stalking CPO.   Appellant is correct in his assertion.

{¶7}   Issuance of a protection order pursuant to R.C. 2903.214 requires the petitioner to establish that the respondent engaged in conduct constituting menacing by stalking.  R.C. 2903.214(C)(1).  Menacing by stalking is defined as "engaging in a pattern of conduct" that knowingly "cause[s] another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."   R.C. 2903.211(A)(1).   "Pattern of conduct" means "two or more actions or incidents closely related in time * * *."   R.C. 2903.211(D)(1).   A

preponderance of the evidence standard applies to the granting of a stalking CPO. *Henry v. Coogan*, 12th Dist. No. CA2002–05–042, 2002-Ohio-6519, ¶15.

**{¶8}** When looking at a pattern of conduct, the court "must take into consideration everything; *i.e.*, the forcible entries, the phone calls, the thinly veiled threats, and the face-to-face meetings between the parties," even if some of respondent's actions comprising this behavior, "considered in isolation, might not appear to be particularly threatening." *Tuuri v. Snyder*, 11th Dist. No. 2000–G–2325, 2002 WL 818427, *3.

**{¶9}** A court of appeals reviews a trial court's decision to grant a civil protection order under an abuse of discretion standard. *Nguyen v. Chaffee*, 7th Dist. No. 08 CO 35, 2009-Ohio-3352, ¶7. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶10}** Appellant's primary objection to the evidence that was presented at the magistrate's hearing is that it was inadmissible hearsay. He argues that the remaining non-hearsay evidence did not establish a pattern of conduct to support a stalking CPO. Hearsay is defined under Evid.R. 801(C) as: "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." "Hearsay is generally not admissible as evidence unless it falls within one of a number of clearly defined exceptions. Evid.R. 802-804." *State v. Smith*, 7th Dist. No. 06 BE 22, 2008-Ohio-1670, ¶30. On the other hand, a statement made by a party to a case, such as the defendant in a criminal case, offered against that party is not considered to be hearsay. Evid.R.

801(D)(2). "Such statements are admissions and provable by independent testimony; no foundation is necessary for their introduction as evidence, except some proof that they were made by the party." *State v. Thompson*, 87 Ohio App.3d 570, 577, 622 N.E.2d 735 (9th Dist.1993).

{¶11} There were three incidents used to support the petition. The first was a threat Appellant allegedly made to Appellee's daughter S.A. S.A. did not testify. Appellee testified about the alleged threat, which he did not hear, and stated that his other daughter heard it in the background during a phone call. The phone call allegedly took place between Appellee's daughter S.P. and one of her friends, neither of whom was called to testify about the phone call. A recording of the phone call itself was not introduced as evidence. Allegedly, Appellant was heard to have said in the background of the call that he was going to "kick [her] ass." (Tr., p. 3.)

{¶12} The second incident involved Appellant going to Appellee's house to drop off tennis shoes for his daughter, who was staying with Appellee for the weekend. Appellant appeared to be intoxicated and allegedly stated to Appellee's wife that if he could not personally deliver the shoes he was going to take his daughter back home with him.

{¶13} The third incident was a text message from Appellant to his ex-wife stating that it was "time to take action." (Tr., pp. 35-36.)

{¶14} Much of the evidence in support of the stalking CPO was given by Appellee while he was questioned by the court. Appellee was representing himself in this matter and the magistrate hearing the case did most of the questioning simply to ascertain what direct information, if any, Appellee had as to two of the incidents. The

record indicates that Appellee was not present during the first two incidents, did not receive the text message, and that his information came from second and third hand sources.

{¶15} Appellant raised multiple hearsay objections to the testimony about the alleged threat made to Appellee's younger daughter. Although the court agreed that the testimony was hearsay, the objections were overruled. (Tr., p. 4.) The alleged threat does not qualify as non-hearsay under Evid.R. 801(D)(2) as an admission of a party opponent because it was introduced within hearsay statements. Even if the alleged threat itself would not be hearsay, the statements of the two daughters relating the threat are clearly hearsay. The statement was offered through Appellee, and not through the younger daughter directly or even through the older daughter, who supposedly heard the threat in the background of a phone call. Appellant's alleged threat cannot be authenticated because the people who heard it did not testify. Thus, this testimony about a threat should not have been admitted as evidence. We must conclude that Appellee's testimony about Appellant's alleged threat to S.A. cannot be used to support the issuance of the stalking CPO.

{¶16} Appellee's wife testified about the other two incidents that were used to support the stalking CPO. She testified that Appellant arrived at her home intoxicated and told her that he would take his daughter with him if he could not personally deliver a pair of tennis shoes to her. The parties did not dispute that Appellant had a legal right to take custody of his own child, and Appellee's wife clearly indicated that no actual threat of any kind was made during the incident. (Tr., pp. 24, 31.) While this incident could be used to support the conclusion that

Appellant caused "mental distress to the other person," as defined in R.C. 2903.211(A)(1), and may be some evidence in support of the stalking CPO, in and of itself, it is not sufficient to grant a stalking CPO as it does not establish a pattern of conduct.

{¶17} Appellee's wife also discussed a supposedly threatening text message from Appellant, but the message is not part of the record. The message was apparently sent by Appellant to his ex-wife, and was then forwarded to Appellee's wife's cell phone. (Tr., p. 25.) Once again, we are faced with multiple levels of hearsay in an attempt to introduce an alleged admission of a party opponent under Evid.R. 801(D)(2). This piece of evidence, though, has the added problem that it may not even be relevant to the stalking CPO. Only relevant evidence is admissible at trial. Evid.R. 402. What can be gleaned from the hearing transcript is that the message said something about Appellant "taking action," but there is no indication what he meant by "taking action." Appellee's wife actually sent a return message to his ex-wife stating "what does that mean?" (Tr., p. 27.) No further response, if any, was made part of the record. Because this evidence is both hearsay and of marginal relevance to the stalking CPO, it cannot support the court's decision to issue the stalking CPO.

{¶18} Once the hearsay evidence is excluded from this case, it is clear that the stalking CPO should not have been granted. Based on the lack of appropriate evidence of any clear pattern of menacing, the trial court abused its discretion in issuing the stalking CPO. Appellant's assignments of error are sustained and the stalking CPO is vacated.

### Conclusion

**{¶19}** On appeal Appellant argues that the evidence used to support the stalking CPO was inadmissible hearsay and was insufficient to establish menacing by stalking. Appellee has not responded. The record indicates that an alleged phone conversation involving Appellee's daughter was hearsay and should not have been admitted. The remaining evidence does not support that there was a pattern of menacing, and without a pattern of menacing consisting of at least two incidents, there is no basis for issuing a stalking CPO. Although the stalking CPO has already expired, Appellant is entitled to have it removed from his record. Therefore, Appellant's assignments of error are sustained, the judgment of the trial court is reversed, and the stalking CPO is hereby vacated.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.